**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

**MICHAEL MCGRATH,**

      **Plaintiff,**

      **V.**                           **NO.: 3:12-CV-00199**
                                               **Judge Haynes/Bryant**

**NASHVILLE VENTURES, LLC,**

      **Defendant.**

## INITIAL CASE MANAGEMENT ORDER

**I.      JURISDICTION AND VENUE**

Federal Question.  28 USC §§ 1331 and 1343; 42 U.S.C. § 12101, *et seq.*; 29 U.S.C. 701,

*et seq.*

**II.     PARTIES' THEORIES OF THE CASE**

      A.      Plaintiff's Theory of the Case:

Plaintiff Michael McGrath suffers from what constitutes a "qualified disability"

under the Americans with Disabilities Act of 1990, ("ADA") and all other

applicable Federal statutes and regulations to the extent that he suffers from

Muscular Dystrophy and has limited use of his lower and upper extremities and

requires a wheelchair for mobility.  Plaintiff has visited Defendant's premises at

issue in this matter, and was denied full, safe and equal access to the subject

property of Defendant due to its lack of compliance with the ADA.  Plaintiff has

encountered architectural barriers to his full, safe and equal access at Defendant's

premises and desires to return to said property and will return in the foreseeable

future and will continue to be discriminated against until such time as the barriers

to his full, safe and equal access have been removed as required by the ADA. The removal of the barriers to access contained within the Defendant's facility can be accomplished by readily achievable means.

B.   Defendant's Theory of the Case:

Defendant's hotel property, which is at issue in this action, complied with all applicable laws and regulations in force and effect at the time(s) of Plaintiff's visit(s) prior to his filing the Complaint in this matter.

## III.   SCHEDULE OF PRETRIAL PROCEEDINGS

A.   <u>Rule 26(a)(1) Disclosure</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within thirty (30) days from the date of the initial case management conference.

B.   <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.      Other Pretrial Discovery Matters

As determined at the case management conference this action is set for a bench trial on **July 9, 2013** at **9:00 a.m**. If this action is to be settled, the Law Clerk shall be notified by noon on **July 5, 2013**.

A pretrial conference shall be held _____ at _____. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on February 1, 2013. All written discovery shall be submitted in sufficient time so that the response shall be in hand by December 3, 2012. All discovery related motions shall be filed by the close of business on December 10, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and Daubert motions shall be filed by the close of business on February 22, 2013, and any response thereto shall be filed by the close of business on March 15, 2013. Any reply shall be filed by the close of business on March 25, 2013.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on September 28, 2012, the Plaintiff shall declare to the Defendant (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on November 2, 2012, the Defendant shall declare to the Plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on November 16, 2012. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered that be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report,

the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any <u>Daubert</u> challenges prior to filing dispositive motions; to avoid conflicts with experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED.**

*s/ John S. Bryant*

John S. Bryant
United States Magistrate Judge

Approved for entry:

/s/ Edward I. Zwilling
Edward I. Zwilling
Counsel for Plaintiff
ASB-1564-L54E
Schwartz Roller & Zwilling, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:     (205) 822-2701
Facsimile:      (205) 822-2702
Email: ezwilling@szalaw.com


/s/ Joseph H. Calvin, III
Joseph H. Calvin, III, Esq.
Counsel for Defendant
Tennessee BPR #012939
*Admission To This Court Pending*
Jackson Lewis, LLP
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama 35209
Telephone:      (205) 332-3119 (direct)
Facsimile:      (205) 332-3131
Email:              calvinj@jacksonlewis.com